# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 20, 2011

Lyle W. Cayce
Clerk

No. 10-60764
Summary Calendar

LEONIDAS ORDONES MEJIA; ELVA SANTOS MENDEZ DE ORDONEZ; VIVIAN ORDONES SANTOS,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 665 263
BIA No. A088 665 266
BIA No. A088 665 267

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Leonidas Ordones Mejia (Ordones), his wife Elva Santos Mendez de Ordones, and their minor daughter, Vivian Ordones Santos, natives and citizens of Guatemala, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) based on alleged persecution in retaliation for Ordones's actions as a police officer in arresting criminal gang members in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guatemala. Their applications were denied based on the adverse credibility determination of the immigration judge (IJ), which was upheld by the Board of Immigration Appeals (BIA) when it dismissed their administrative appeal.

Ordones argues that the record does not support the IJ's and BIA's adverse credibility determinations. Ordones argues that the IJ erred by basing his credibility finding on three "inconsistencies" which he claims is not supported by the record. The first claimed inconsistency concerns when the threats began. Ordones contends that this inconsistency is non-existent. Ordones argues that the second inconsistency, regarding when his partner died, is also non-existent and is based upon the IJ's misreading of the record. The third inconsistency relates to statements made by Ordones about his reasons for coming to the United States and whether he feared harm if he returned to Guatemala. Ordones explains that the inconsistency was due to fear and a lack of full communication and understanding with the Border Patrol agent, who could not speak Spanish.

We review an immigration court's findings of fact for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We will not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537. Among the findings of fact that we review for substantial evidence is an immigration court's conclusion that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

Pursuant to the REAL ID Act of 2005, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is

plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).

Ordones testified that after the arrests in January 2007, he began receiving telephonic death threats. Ordones had previously told the Asylum Officer in his August 20, 2007, credible fear interview that the threats began in "October of last year," which would have been October 2006. The discrepancy identified by the IJ between Ordones's testimony and his prior statement to the Asylum Officer regarding when the threats began is evident in the record.

In his asylum application, Ordones stated that his partner died within "perhaps fifteen days" after they arrested the men. However, at his hearing, Ordones testified that he could not remember when his partner died, not even the month or the year. The record does not compel the conclusion that what he really meant was that he could not recall the "exact" date. *See Wang*, 569 F.3d at 538-39.

The record shows that Ordones told a Border Patrol agent in an August 3, 2007, sworn statement that he came to the United States to find work and for a better life and that he had no fear of returning to Guatemala. Ordones admitted in his testimony that he told the Border Patrol agent that he had no fear of returning to Guatemala and that he would not be harmed there. Ordones testified that he made the statement to the Border Patrol agent because he was "afraid," because "of what I was going through in my country and since I was caught, I didn't even know what to do," because he had been detained for "too many days," because he was worried about what his daughter was going through, and because wanted to "leave that place where I was detained." He also testified that he did not understand much because the Border agent spoke a different Spanish. The BIA and the IJ considered and rejected Ordones's explanation. Nothing in the record compels belief in his explanation. *See Wang*, 569 F.3d at 539 (upholding the IJ's adverse credibility finding because nothing

in the record compelled belief in the applicant's story, including alleged problems with Chinese interpreter).

An additional reason given by the BIA for doubting Ordones's credibility is unchallenged by Ordones. The BIA found that Ordones first testified that the only reason he thought the men he arrested were from La Banda de Los Sicarios was because they had high-caliber weapons and a stolen vehicle, but he later testified that he knew the men were with the group because they told him they were the chiefs of the group. The contradiction cannot be reasonably reconciled – if the men explicitly stated that they were members of the gang, Ordones had no reason to speculate based on their weapons. Ordones fails to address this contradiction.

In light of the inconsistencies found by the IJ and the BIA, it is not "plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).

Ordones's asylum, withholding, and CAT claims, and the derivative claims of his family, were all based on alleged persecution in retaliation for his actions in arresting criminal gang members in Guatemala. Petitioners presented the same factual basis for all claims, and therefore, the adverse credibility findings that warranted denial of asylum and withholding of removal also warrant the denial of CAT relief. *See Efe v. Ashcroft*, 293 F.3d 899, 906-08 (5th Cir. 2002) (noting that credibility assessment went directly to the issue of whether Efe would be tortured).

Because the credibility determinations of the IJ and BIA withstand review, the decision to deny Ordones and his family relief is supported by substantial evidence. *See Zhang*, 432 F.3d at 344-45. Therefore, it is unnecessary to address the agency's alternative finding concerning failure to establish a protected ground.

PETITION DENIED.